UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SUSAN M. MCKINNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 1:14CV76NCC |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Susan M. McKinney (Plaintiff) for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401 et seq. Plaintiff has filed a brief in support of the Complaint. (Doc. 15). Defendant has filed a brief in support of the Answer. (Doc. 18). Plaintiff filed a Reply. (Doc. 19). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 10).

## I.
## PROCEDURAL HISTORY

On July 25, 2011, Plaintiff filed her application for DIB. (Tr. 131-37). Plaintiff alleged a disability onset date of April 27, 2011. Plaintiff's application

was denied, and she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 61, 71-72). After a hearing, by decision, dated June 11, 2013, the ALJ found Plaintiff not disabled. (Tr. 20-29). On March 7, 2014, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). As such, the ALJ's decision stands as the final decision of the Commissioner.

## II.
## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." Id. "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page

2

v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (citing Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. See id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity (RFC). See Steed v. Astrue, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); Eichelberger, 390 F.3d at 590-91; Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other

jobs in the national economy that can be performed by a person with the claimant's RFC. See Steed, 524 F.3d at 874 n.3; Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Harris v. Barnhart, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC.").

"Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). On review, it is the job of the district court to determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. See Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)).

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider, among other things, "[t]he medical evidence given by the claimant's treating physicians" and "[]the testimony of consulting physicians." Brand v. Sec'y of Dep't of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980). Additionally, an ALJ's decision must comply "with the relevant legal requirements." Ford v. Astrue, 518 F.3d 979, 981 (8th Cir. 2008).

## III.
## DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. See Onstead, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm her decision as long as there is substantial evidence in favor of the Commissioner's position. See Cox, 495 F.3d at 617; Krogmeier, 294 F.3d at 1022.

Plaintiff, who was born in 1951, alleged that she was disabled due to a herniated disc, spondylosis, degenerative disc disease, multi-level disc bulging, back and shoulder pain, high blood pressure, high cholesterol, anxiety, and insomnia. (Tr. 162). The ALJ found that Plaintiff met the insured status through March 31, 2014; that she had not engaged in substantial gainful activity since April 27, 2011, her alleged onset date; that she had the severe impairments of multilevel

degenerative changes of the cervical and lumbar spine status post discectomy with fusion at C6-C7; that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment; and that Plaintiff had the RFC to perform the full range of light work.  The ALJ further found that Plaintiff was capable of performing her past relevant work as a unit secretary as this job is generally performed and as it is described in the Dictionary of Occupational Titles, and that, therefore, Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the ALJ's decision is not based on substantial evidence because the ALJ gave improper weight to the opinions of Angela Schindler, Kirby VonKessler, M.D., and Matthew Karshner, M.D., and because the ALJ did not properly consider Plaintiff's credibility.  Plaintiff also contends that the ALJ's RFC determination regarding her physical impairments is not based on substantial evidence.  Plaintiff does not challenge the ALJ's failure to account for her alleged mental impairments in her RFC.  For the following reasons, the court finds that the ALJ's decision is not based on substantial evidence and that, therefore, this matter should be reversed and remanded for further consideration.

Angela Schindler completed a Physical RFC Assessment form, on October 25, 2011, in which she opined that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and sit, stand and/or walk about 6 hours in an 8-hour

work day, and that she had unlimited ability to push and/or pull, "other than shown for lift and/or carry." Ms. Schindler also opined that Plaintiff had no postural, manipulative, visual, communicative, or environmental limitations. Ms. Schindler explained that the medical evidence supported her conclusion. In particular, Ms. Schindler cited post-surgical MRI studies of record, doctors' observations upon examination, and Plaintiff's self-reporting. Further, Ms. Schindler opined that Plaintiff could perform light work. (Tr. 376-81).

As argued by Plaintiff and as acknowledged by the Commissioner, the ALJ incorrectly referred to Ms. Schindler as a medical doctor and, upon doing so, gave her opinion "great weight" when determining Plaintiff's RFC. (Tr. 28). Acceptable medical sources include licensed physicians (medical or osteopathic doctors) and licensed or certified psychologists. 20 C.F.R. § § 404.1513(a), 416.913(a) (2007). Among other distinctions between acceptable medical sources and "other sources," the Regulations provide that *only acceptable medical sources can provide medical opinions*. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2007).

Clearly, Ms. Schindler was not an acceptable medical source. See Lacroix v. Barnhart, 465 F.3d 881, 886 (8th Cir. 2006) (citing Social Security Ruling 06-03p, 71 Fed. Reg. 45,593, 45,594 (Aug. 9, 2006) ("[O]nly 'acceptable medical sources' can be considered treating sources, as defined in 20 C.F.R. §§ 404.1502 and 416.902, whose medical opinions may be entitled to controlling weight.").

The record, moreover, does not reflect that Ms. Schindler qualified as an "other [medical] source," such as a therapist or nurse practitioner, whose opinion may be considered to determine the severity of a claimant's impairments. See Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2008) ("[O]ther sources [are divided] into two groups: medical sources and non-medical sources."; "Medical sources include nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists.") (citing 20 C.F.R. §§ 404.1513(d), 404.1502, 416.902, 416.913(d)). Cf. Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005) (evaluating therapist's assessment as "other medical evidence" rather than as a treating source opinion).

Although, after reviewing Plaintiff's medical records, Dr. VonKessler confirmed Ms. Schindler's October 25, 2011 opinion that Plaintiff could perform light exertional work, the ALJ did not mention Dr. VonKessler's opinion. As for other doctors of record, the ALJ gave little weight to the opinion of Dr. Karshner, who conducted an evaluation of Plaintiff. Upon giving little weight to Dr. Karshner's opinion, the ALJ reasoned that records reflect that the evidence of record showed that Plaintiff had a greater limitation in her ability to function that suggested by Dr. Karshner. (Tr. 27). Dr. Karshner had concluded that Plaintiff could perform work functions, without restrictions. (Tr. 368-69).

Given that the ALJ's decision reflects that he relied only on the opinion of an individual who was not an "acceptable medical source" or even an "other medical source" when determining Plaintiff's RFC, it cannot be said that the ALJ's decision is based on substantial evidence. See, e.g., Bryant v. Astrue, 4:07CV1865TIA (reversing and remanding where the ALJ relied on the opinion of a lay person whom he erroneously assumed was a medical professional). The court will, therefore, reverse and remand this matter for proper analysis of the opinions of record.

The court clarifies that it is not suggesting that substantial evidence establishes that Plaintiff is disabled. Rather, the court finds that the ALJ's decision, as it now stands, is not based on substantial evidence. Thus the court will remand this matter to the Commissioner. Upon remand, the ALJ is directed to consider the opinions of Plaintiff's medical providers and those of consulting medical and non-medical sources in accordance with the Regulations and case law.

## IV.
## CONCLUSION

The court finds that this matter should be reversed and remanded to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4. Upon remand, the ALJ is directed to fully develop the record in a manner consistent with this court's opinion.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that the relief which Plaintiff seeks in her Complaint and Brief in Support of Complaint is **GRANTED** in part, and **DENIED**, in part. (Docs. 1, 15).

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will issue contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to 42 U.S.C. § 405(g), sentence 4.

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty (30) day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

Dated this 3rd day of September 2015.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE